UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE ZELLER, | ) 1:05-CV-01406-OWW-SMS |
| Plaintiff, | ) ORDER GRANTING MOTION OF |
| v. | ) DEFENDANT BANK OF THE SIERRA FOR |
| | ) LEAVE TO AMEND ITS ANSWER TO |
| BANK OF THE SIERRA, a | ) ASSERT COUNTERCLAIMS (DOC. 16) |
| California Corporation, | ) AND DIRECTING THAT DEFENDANT FILE |
| et al., | ) AN AMENDED ANSWER ASSERTING |
| | ) COUNTERCLAIMS NO LATER THAN |
| Defendants. | ) FIFTEEN DAYS AFTER THE DATE OF |
| | ) SERVICE OF THIS ORDER |

Plaintiffs are proceeding with a civil action in this Court. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302(c)(1) and 72-303.

I. Background

On April 25, 2006, Defendant Bank of the Sierra filed and electronically served a notice of motion and motion for leave to amend its answer to assert counterclaims, a memorandum and declaration of Daniel J. Cravens in support thereof with exhibits, including the proposed counterclaims. No opposition was filed within the time permitted by the applicable rules of court. On May 18, 2006, Defendants filed a reply noting that no opposition had been received and requesting the granting of its

1

1  motion.
2       By separate order, the Court vacated the hearing that had
3  been set on the motion and deemed the matter submitted to the
4  Court for decision.
5       The complaint was filed on November 3, 2005. It alleged
6  claims by Plaintiff Zeller, who was formerly the vice president
7  and director of the management information systems department of
8  Defendant Bank of Sierra (Bank), against Bank; Bank's parent
9  company, Sierra Bancorp; Donald Sowers, a vice president and
10 director of human resources for Bank; and the Executive
11 Nonqualified Excess Plan (Plan), an alleged ERISA and employee
12 benefit plan administered by Bank. Plaintiff sued for denial of
13 plan benefits, breach of a stock option contract, violation of
14 California Lab. Code § 970 by misrepresenting eligibility for
15 bank shares under an option contract, intentional and negligent
16 interference with economic advantage by publishing information
17 about Zeller that resulted in the loss of specific job
18 opportunities, and invasion of privacy by the Bank's accessing of
19 personal accounts of Zeller.
20      Defendants answered on December 29, 2005, admitting
21 jurisdiction but denying the operative facts and asserting that
22 Plaintiff Zeller had been terminated for cause.
23      The Declaration of Cravens establishes that Plaintiff
24 Zeller's employment included responsibility for purchasing
25 computer equipment; Plaintiff engaged in a pattern of fraudulent
26 conduct whereby he affiliated with dummy corporations controlled
27 by family members and submitted invoices for computer equipment
28 that Plaintiff had actually purchased from third parties but

2

funneled through the dummy corporations at falsely inflated prices; Plaintiff altered packing slips and other documentation, and he purchased used equipment and funneled it through the corporations as new equipment, sold to Bank at inflated prices.

Defendant Bank seeks to amend the answer to allege counterclaims for breach of fiduciary duty, intentional and negligent misrepresentation, embezzlement,[1] and unjust enrichment.

II. <u>Analysis</u>

Fed. R. Civ. P. 13 states in pertinent part:

> (a) **Compulsory Counterclaims.** A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. But the pleader need not state the claim if (1) at the time the action was commenced the claim was the subject of another pending action, or (2) the opposing party brought suit upon the claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on that claim, and the pleader is not stating any counterclaim under this Rule 13.
>
> (b) **Permissive Counterclaims.** A pleading may state as a counterclaim any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim.
>
> ....
>
> (f) **Omitted Counterclaim.** When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, the pleader may by leave of court set up the counterclaim by amendment.

Generally, pursuant to Rule 15(a), amendment of pleadings should be liberally allowed, and in determining whether leave to amend should be granted, courts consider factors such as the good

---

[1] California case law contains references to the tort of embezzlement in the context of fiduciary malfeasance. <u>See</u>, <u>Hill v. Superior Cout in and for Alameda County</u>, 16 Cal.2d 527, 530 (1940).

1  faith and diligence of the claimant, the extent of the delay,
2  futility of amendment, and the danger of prejudice to the
3  opposing party. Foman v. Davis, 371 U.S. 178, 182 (1962). These
4  factors are likewise considered in determining if, pursuant to
5  Rule 13(f), leave should be granted to allow an amendment to
6  allege a counterclaim omitted through oversight, inadvertence, or
7  excusable neglect, or when justice requires. Pioneer Investment
8  Services Co. v. Brunswick Associates Limited Partnership, 507
9  U.S. 380, 392 n. 10 (1993). Although delay is significant,
10 prejudice to the opposing party is the most important
11 consideration in many decisions denying leave to amend. Jackson
12 v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990).
13      A counterclaim is compulsory, and thus must be alleged in
14 the action or be lost after its conclusion, if it arises out of
15 the same transaction or occurrence as the plaintiff's claim. Fed.
16 R. Civ. P. 13(a); Hydranautics v. Filmtec Corp., 70 F.3d 533, 536
17 (9th Cir. 1995). A claim arises out of the same transaction or
18 occurrence if the issues of fact and law are largely the same for
19 both the claim and counterclaim, the same evidence will support
20 or refute both claims, res judicata would bar a subsequent suit
21 on the defendant's claim, or there is a logical relationship
22 between the claim and counterclaim. FDIC v. Hulsey, 22 F.3d 1472,
23 1487 (10th Cir. 1994). The Court must determine if the essential
24 facts of the various claims are so logically connected that
25 considerations of judicial economy and fairness dictate that all
26 the issues be resolved in one lawsuit. Pochiro v. Prudential Ins.
27 Co. of America, 827 F.2d 1246, 1249 (9th Cir. 1987). A logical
28 relationship exists when the counterclaim arises from the same

aggregate set of operative facts as the initial claim, in that the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights otherwise dormant in the defendant. <u>In re Pinkstaff</u>, 974 F.2d 113, 115 (9th Cir.1992). "'Transaction' is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." <u>Moore v. New York Cotton Exch.</u>, 270 U.S. 593, 610 (1926); see <u>Pochiro v. Prudential Ins. Co. of Am.</u>,, 827 F.2d 1246, 1252 (9th Cir.1987) (noting that the term "transaction" should be broadly construed). The stronger the relationship between the counterclaim and the main claim, the better the movant's case for permitting the counterclaim.

    Here, Cravens declares that the counterclaims are and may be asserted in good faith. There is no opposition or suggestion of futility. There do not appear to be any indicia of bad faith. The original complaint was filed five and one-half months ago; any delay is not lengthy. The discovery deadline is October 16, 2006, and jury trial is set for March 2007; thus, it does not appear that any prejudice would result to the opposing party because the case is in its early stages, and a lengthy discovery period remains. The counterclaims arise out of the employment relationship and its termination; the facts pertinent to a determination regarding the presence or absence of good cause for termination of Plaintiff would appear to overlap significantly with the facts pertinent to a determination of the merits of the proposed counterclaims. In that sense the counterclaims and

5

claims already before the Court are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit.

Accordingly, it IS ORDERED that:

1) The motion of Defendant Bank of the Sierra for leave to file an amended answer to assert counterclaims IS GRANTED; and

2) An amended answer containing counterclaims SHALL BE FILED by Defendant Bank of Sierra no later than fifteen days after the date of service of this order.

IT IS SO ORDERED.

**Dated:   May 23, 2006**              **/s/ Sandra M. Snyder**
icido3                          UNITED STATES MAGISTRATE JUDGE